IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| MARK GUETZKO, LISA GUETZKO, RICHARD ALTORFER, SEEDORFF MASONRY, INC., DALE KARTMAN, SUSAN KARTMAN, and SEEDORFF, | |
| Plaintiffs, | No. C08-2067 |
| and | |
| CRM COLLATERAL II, INC., | |
| Intervenor-Plaintiff, | |
| vs. | ORDER GRANTING MOTION TO INTERVENE |
| KEYBANK NATIONAL ASSOCIATION, | |
| Defendant, | |
| and | |
| TRI-COUNTY METROPOLITAN TRANSPORTATION DISTRICT OF OREGON, an Oregon municipal corporation, | |
| Intervenor-Defendant. | |

_____

This matter comes before the Court on the Motion to Intervene (docket number 29) filed by CRM Collateral II, Inc. on January 22, 2009, the Resistance (docket number 30) filed by Intervenor-Defendant Tri-County Metropolitan Transportation District of Oregon on February 5, 2009, the Joinder (docket number 31) filed by Defendant KeyBank National Association on February 9, 2009, and the Reply (docket number 32) filed by

CRM Collateral II, Inc. on February 10, 2009. Pursuant to Local Rule 7.c, the motion will be decided without oral argument.

## I. ISSUE PRESENTED

On November 5, 2008, Plaintiffs filed a Petition (docket number 2-5) in the Iowa District Court for Clayton County, seeking declaratory judgment injunctive relief. The action was removed to the United States District Court for the Northern District of Iowa on November 12, 2008. In its instant motion, CRM Collateral II, Inc. asks that it be permitted to intervene in this case as a party plaintiff.

## II. RELEVANT FACTS

This case finds its origin in a contract between Tri-County Metropolitan Transportation District of Oregon ("TriMet") and Colorado Railcar Manufacturing, LLC ("Colorado Railcar"). TriMet is the regional transportation authority for the Portland, Oregon metropolitan area. Colorado Railcar is a Denver-based manufacturer of railcars. In November 2005, TriMet contracted to purchase a number of railcars from Colorado Railcar.

As part of the agreement, Colorado Railcar was required to obtain an irrevocable line of credit in the amount of $3 million to ensure its performance. Defendant KeyBank National Association ("KeyBank") provided that Letter of Credit. The "applicant" on the letter of credit was the movant, CRM Collateral II, Inc. ("CRM II") and the "beneficiary" of the letter of credit is TriMet.

While the relationship between CRM II and Colorado Railcar is still unclear to the Court, CRM II signed a reimbursement agreement with KeyBank, agreeing to reimburse the bank for amounts drawn under the letter of credit issued in favor of TriMet. The individual Plaintiffs -- Mark Guetzko, Lisa Guetzko, Richard Altorfer, Seedorff Masonry, Inc., Dale Kartman, Susan Kartman, and Seedorff Partnership, LP -- are shareholders in CRM II. It is the Court's understanding that the individual Plaintiffs have pledged certain of their securities accounts held at Raymond James Financial Services, as security for CRM II's pledge to KeyBank.

TriMet has made a demand on KeyBank to pay $3 million on the letter of credit. In their petition, Plaintiffs claim that because of TriMet's other dealings with Colorado Railcar, the letter of credit should be declared void and KeyBank should be enjoined from paying any amount to TriMet. The facts regarding TriMet's relationship with Colorado Railcar and its operation are complex and, apparently, hotly contested. For purposes of the motion to intervene, they need not be detailed here.

## III. PROCEDURAL HISTORY

The dispute between the various parties has a complex procedural history, including three lawsuits in two states, and in both federal and state court.

### A. *The First Lawsuit*

On October 27, 2008, CRM II and Richard Altorfer (one of the individual Plaintiffs) filed a complaint seeking injunctive and declaratory relief in the United States District Court for the District of Oregon, naming TriMet and KeyBank as defendants. A temporary restraining order ("TRO") was issued on October 30, 2008, with the request for preliminary injunction scheduled on November 7, 2008. Prior to the hearing, however, the plaintiffs abandoned their request for a preliminary injunction and the TRO was allowed to lapse.

On November 4, 2008, Richard Altorfer voluntarily dismissed his claims in the Oregon action. CRM II remains as the sole plaintiff. On November 10, 2008, TriMet filed its answer and counterclaim. According to the instant motion, CRM II voluntarily dismissed KeyBank as a defendant in the Oregon action on January 20, 2009. (It is the Court's understanding that KeyBank had not answered in the Oregon action.) Accordingly, TriMet remains as the sole defendant.[1]

---

[1] In its brief, CRM II asserts that "[i]f TriMet would agree to the dismissal of the remaining claims in Oregon, then that action could be dismissed and all claims could be asserted among the parties in this action." *See* Brief in Support of Motion to Intervene (docket number 29-2) at 2.

## B. *The Second Lawsuit*

On November 5, 2008, the individual Plaintiffs filed a petition in the Iowa District Court for Clayton County, alleging the same underlying facts and requesting similar relief. At Plaintiffs' request, the Iowa District Court granted a temporary injunction, "enjoining KeyBank from allowing TriMet to draw down on the Letter of Credit in the amount of $3 million."

Initially included in the Clayton County action were Raymond James Financial Services and Jeffery State. (It is the Court's understanding that Jeffery State is a financial adviser with Raymond James Financial Services.) On November 7, 2008 (the same date the temporary injunction was issued), however, Raymond James Financial Services and Jeffery State were voluntarily dismissed as defendants.

The action was removed to the Northern District of Iowa on November 12, 2008. At that time, KeyBank was the only remaining Defendant. On November 14, 2008, however, TriMet moved to intervene. Over Plaintiffs' objections, the Court allowed TriMet to intervene on December 4, 2008. *See* Order Granting Motion to Intervene (docket number 17).

On November 19, 2008, Plaintiffs filed a Motion to Remand (docket number 6) this case to state court. On December 5, 2008, TriMet filed a Motion to Dismiss or in the Alternative to Stay or to Change Venue (docket number 20), and a Motion to Dissolve Temporary Injunction (docket number 21). All three motions remain pending before the District Court.

## C. *The Third Lawsuit*

On January 6, 2009, Plaintiffs filed a third lawsuit. Returning to the Iowa District Court for Clayton County, the seven individual plaintiffs brought another action for injunctive relief, this time naming Raymond James Financial Services and Jeffrey State as defendants. The plaintiffs asked that Raymond James and Jeffrey State be enjoined "from allowing KeyBank to take possession of the securities which are collateral for the security

agreements." The defendants had no objection and the court entered an order granting a temporary injunction.

KeyBank immediately filed an application for permission to intervene in the Clayton County action, arguing that Raymond James and Jeffrey State "are not the real party in interest here and clearly will not adequately protect KeyBank's interest." KeyBank was permitted to intervene and a hearing was held on January 13, 2009 to consider KeyBank's request to dissolve the temporary injunction. Following the hearing, however, the Iowa District Court denied the request to dissolve the injunction.

## IV. DISCUSSION

Returning to the instant action, Plaintiffs seek a declaratory judgment regarding the validity of the letter of credit given on Colorado Railcar's behalf and ask that KeyBank be enjoined "from allowing TriMet to draw down on the Letter of Credit." Since TriMet is the beneficiary of the letter of credit, the Court granted its request to intervene in this action. Now, CRM II asks that it be permitted to intervene since it was the "applicant" on the letter of credit.

### A. Intervention as a Matter of Right

In its motion and supporting brief, CRM II requests that it be permitted to intervene "as a matter of right," pursuant to FEDERAL RULE OF CIVIL PROCEDURE 24(a)(2), which states:

> On timely motion, the court must permit anyone to intervene who:
>
> . . .
>
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

FED. R. CIV. P. 24(a)(2). Accordingly, CRM II is entitled to intervene as a matter of right if (1) the motion is timely, (2) CRM II has an interest in the transaction that is the subject of this action, (3) the disposition of this action may impair CRM II's ability to protect its

interest, and (4) the individual Plaintiffs will not adequately represent CRM II's interest. *Medical Liability Mut. Ins. Co. v. Alan Curtis LLC*, 485 F.3d 1006, 1008 (8th Cir. 2007). A proposed intervenor must satisfy all of these conditions to intervene as a matter of right. *South Dakota v. United States Department of Interior*, 317 F.3d 783, 785 (8th Cir. 2003).

TriMet argues that CRM II's motion to intervene is not timely. The timeliness of a motion to intervene must be determined from a review of all the circumstances. *NAACP v. New York*, 413 U.S. 345, 366 (1973). "In determining timeliness, factors that bear particular consideration are the reason for the proposed intervenor's delay in seeking intervention, how far the litigation has progressed before the motion to intervene is filed, and how much prejudice the delay in seeking intervention may cause to other parties if intervention is allowed." *Mille Lacs Band of Chippewa Indians v. Minnesota*, 989 F.2d 994, 998 (8th Cir. 1993); *Winbush v. Iowa*, 66 F.3d 1471, 1479 (8th Cir. 1995) (same). No "ironclad rules" govern a determination of timeliness. *Mille Lacs Band*, 989 F.2d at 998.

In support of its argument that the motion was timely filed, CRM II states only that "[t]he motion is clearly timely since there are threshold motions that need to be considered by the Court before the parties can proceed further."[2] CRM II offers no explanation as to why it did not join as a plaintiff when the action was filed, nor why it waited nearly three months to file its motion to intervene. As CRM II notes, however, this litigation is in its early stages. There are motions pending to determine whether it will be dismissed, moved to Oregon, or sent back to state court. Adding CRM II as a party plaintiff will not delay the proceedings or unduly prejudice Defendants. After considering all of the circumstances, the Court concludes that the motion to intervene was timely filed.

The second and third factors set forth above appear to be undisputed. As the "applicant" on the letter of credit, CRM II has an interest in a declaratory action to

---

[2] *See* CRM II's Brief in Support of Motion to Intervene at 3 (docket number 29-2 at 3).

determine the validity of the letter of credit. An adverse disposition in this case would impair CRM II's ability to protect its interests. In its resistance, TriMet does not dispute these two factors.

TriMet argues, however, that CRM II is not able to satisfy the fourth factor set forth above. That is, TriMet argues that the individual Plaintiffs will adequately represent CRM II's interests. In support of its argument, TriMet notes that Plaintiffs are the shareholders of CRM II, and Plaintiffs' attorneys represent CRM II in filing the instant motion to intervene.

"Typically, a proposed intervenor would confront only a 'minimal burden of showing that its interests are not adequately represented by the parties.'" *South Dakota v. United States Department of Interior*, 317 F.3d 783, 785 (8th Cir. 2003) (quoting *Mausolf v. Babbitt*, 85 F.3d 1295, 1303 (8th Cir. 1996)). In this case, the interests of the seven individual Plaintiffs and CRM II regarding the outcome of the action appear to be identical. Indeed, CRM II argues that no additional pleading is required because it "merely seeks to be added as a plaintiff."[3] In addition, the individual Plaintiffs and CRM II are represented by the same attorneys. Presumably, if a conflict existed between the individual Plaintiffs and CRM II, separate counsel would be required.

The facts upon which CRM II relies are already contained in Plaintiffs' petition. The relief sought by CRM II is identical to that sought by the individual Plaintiffs. In fact, CRM II asks that it be permitted to join as a Plaintiff, without any further pleading or prayer. The individual Plaintiffs are shareholders in CRM II. Counsel for the individual Plaintiffs is already representing CRM II. *Carroll v. American Federation of Musicians*, 33 F.R.D. 353, 353-54 (S.D.N.Y. 1963) ("Inadequate representation can hardly be claimed as the same attorney represents both the original plaintiffs and the proposed intervenors."). The Court concludes that CRM II has failed to establish that "its interest will not be adequately protected by the existing parties." *Chiglo v. City of Preston*, 104

---

[3] *See* CRM II's Reply at 3 (docket number 32 at 3).

F.3d 185, 187 (8th Cir. 1997). Accordingly, the Court concludes that CRM II is not entitled to intervene as a matter of right.

### B. *Permissive Intervention*

While not specifically addressed by CRM II, the Court also considers permissive intervention pursuant to Rule 24(b)(1)(B), which states:

> On timely motion, the court may permit anyone to intervene who:
>
> . . .
>
> has a claim or defense that shares with the main action a common question of law or fact.

FED. R. CIV. P. 24(b)(1)(B). Accordingly, permissive intervention may be granted in the Court's discretion if (1) the motion is timely, and (2) CRM II's claim states a common question of law or fact with the Plaintiffs. *South Dakota*, 317 F.3d at 787 ("The decision to grant or deny a motion for permissive intervention is wholly discretionary.").

As set forth above, the Court concludes that CRM II's motion to intervene was timely filed. In addition, its claim shares a common question of law or fact with the claims brought by the individual Plaintiffs. Indeed, their claims are virtually identical. "The principal consideration in ruling on a Rule 24(b) motion is whether the proposed intervention would unduly delay or prejudice the adjudication of the parties' rights." *South Dakota*, 317 F.3d at 787. As discussed above, the Court believes that adding CRM II as a party Plaintiff will not unduly delay the proceedings in this case or "prejudice the adjudication of the parties' rights."

After considering all of the facts and circumstances, the Court concludes that allowing CRM II to intervene in this case will promote the interests of justice. *Tweedle v. State Farm Fire & Cas. Co.*, 527 F.3d 664, 671 (8th Cir. 2008) ("Rule 24 should be liberally construed with all doubts resolved in favor of the proposed intervenor."); *Turn Key Gaming, Inc. v. Oglala Sioux Tribe*, 164 F.3d 1080, 1081 (8th Cir. 1999) (same). All of the interested parties will finally be joined in a single proceeding.

## C. Pleading Requirement

The Court has not disregarded TriMet's argument that CRM II failed to comply with FEDERAL RULE OF CIVIL PROCEDURE 24(c) by not accompanying the motion with "a pleading that sets out the claim or defense for which intervention is sought." FED. R. CIV. P. 24(c). That deficiency, however, is "not critical." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 57 (1997). "The circuits appear to be split in their approach to enforcement of Rule 24(c), with a majority favoring a permissive interpretation of the Rule." *Providence Baptist Church v. Hillandale Committee, Ltd*, 425 F.3d 309, 313 (6th Cir. 2005) (collecting cases). The Fourth, Fifth, Sixth, Eleventh, and D.C. Circuits "have taken a lenient approach to the requirements of Rule 24(c)," while the First, Second, and Seventh Circuits "have taken a stricter approach." *Id*. at 314. The parties have not cited any Eighth Circuit case which has addressed the issue, and the Court has found none.

CRM II is not alleging any facts not already asserted by the individual Plaintiffs in the petition, nor is it seeking any relief not sought by the individual Plaintiffs. Under the circumstances of this case, "[t]he 'pleading' has already been filed."[4] Accordingly, CRM II will be added at a party Plaintiff without the need for an additional pleading.

## ORDER

IT IS THEREFORE ORDERED that the Motion to Intervene (docket number 29) filed by CRM Collateral II, Inc. on January 22, 2009 is hereby **GRANTED**.

DATED this 25th day of February, 2009.

JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA

---

[4] *See* CRM II's Reply at 3 (docket number 32 at 3).